```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION
```

RONALD SMITH #32501,            )
                                )
            Plaintiff,          )
                                )
     v.                         )      No.  10 C 707
                                )
CITY OF AURORA, et al.,         )
                                )
            Defendants.         )

## MEMORANDUM ORDER

Ronald Smith ("Smith") has submitted a one-page hand-printed Complaint targeting the City of Aurora ("City"), its Police Department and Officer Christopher Converse ("Converse") for an asserted violation of his Fourth Amendment rights.  For purposes of federal jurisdiction, that constitutes an attempt to invoke the provisions of 42 U.S.C. §1983 ("Section 1983"), even though pro se plaintiff Smith refers instead to an Illinois statute--725 ILCS 5/103-1--that includes, among the rights of arrested persons, provisions dealing with the searches of persons arrested for traffic, regulatory or misdemeanor offenses.[1]

Smith has also accompanied his self-prepared Complaint with two Clerk's-Office-supplied forms:  an In Forma Pauperis Application ("Application") and a Motion for Appointment of

---

[1] On that score Smith should understand that a claimed violation of state-law rights does not serve as his ticket of entry to this federal court unless the charged conduct also violates the provisions of the Fourth Amendment to the federal Constitution.  This preliminary memorandum order neither makes nor implies any findings in that respect.

Counsel ("Motion"). But the Application has not been accompanied by a printout of transactions in his trust fund account at the Kane County Jail for the six-month period beginning on August 1, 2009 and ending on January 31, 2010, as is required by 28 U.S.C. §1915(a)(2)[2] to enable to this Court to rule on the propriety of granting in forma pauperis status. Under Section 1915, if Smith qualifies for such status he will be obligated to pay the entire $350 filing fee, although his financial statement included in the Application indicates that will have to be done on an installment basis.

Because of the absence of that necessary precondition to this Court's consideration of Smith's action under Section 1915A, it will await the receipt of the necessary printout. If however that document has not been provided on or before February 24, this Court will be constrained to dismiss both the Complaint and this action.

In the meantime, however, it is useful to apprise Smith of some other problematic aspects of his submission (apart from his patently outrageous request for a damage award of "250,000,000 million Dollar"). Here they are:

    1. City is not a proper Section 1983 defendant under the circumstances alleged by Smith. No such municipal responsibility for an individual officer's actions may be

---

[2] All further references to Title 28's provisions will simply take the form "Section--."

2

imposed under the principles established by <u>Monell v. Dep't of Social Servs. of City of New York</u>, 436 U.S. 658, 691 (1978).

2. "Aurora Police Dept." is not a suable legal entity, so it too would not be considered a proper defendant if Smith were allowed to proceed.

3. In terms of the possible merit of Smith's Complaint, there would seem to be more than meets the eye as the result of his allegations. Where as here there is a permissible stop of a driver for a traffic violation (Smith has admitted he was "driving without headlights"), a precautionary search in conjunction with such a so-called "<u>Terry</u> stop" is entirely permissible. Smith has also acknowledged that he was driving on a revoked license, but it would seem most likely that something beyond those two violations provoked the added conduct that Smith has ascribed to Converse.

Accordingly this Court expects that on or before February 24 Smith will expand on his Complaint's allegations with any further explanation that is available, in addition to providing the trust fund printout referred to earlier. This Court will await both those submissions.

_____
Milton I. Shadur
Senior United States District Judge

Date: February 5, 2010

3