```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

RONALD SMITH #32501,              )
                                  )
               Plaintiff,         )
                                  )
     v.                           )    No.  10 C 707
                                  )
CITY OF AURORA, et al.,           )
                                  )
               Defendants.        )
```

MEMORANDUM ORDER

This Court's brief February 5, 2010 memorandum order ("Order") addressed several problems with the pro se Complaint that had been brought by Ronald Smith ("Smith") against the City of Aurora ("City"), its Police Department and Officer Christopher Converse ("Converse") for an asserted violation of Smith's Fourth Amendment rights.  In the Order this Court both (1) directed Smith to provide a printout of transactions in his trust fund account at the Kane County Jail as required by 28 U.S.C. §1915(a)(2)[1] and (2) identified some other problematic aspects of the Complaint in substantive terms.

Now Smith has provided the requested trust fund account printout together with a one-paragraph, 12-line "Expanded Complaint."  This memorandum order will first direct itself to Smith's earlier-tendered In Forma Pauperis Application ("Application") and will then turn to the allegations in the

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

Expanded Complaint.

As for the Application, the average monthly deposits into Smith's trust fund account during the six months preceding his initial filing (see Section 1915(b)(1)(A)) came to $133.67, so that the required initial partial filing fee--20% of that figure (<u>id</u>.)-- amounted to $26.73. Accordingly the responsible official at the Kane County Jail is ordered to remit that initial sum of $26.73 directly to the Clerk of Court ("Clerk") at the following address as soon as the balance in the account reaches that level as the result of any additional deposit (and before any funds are expended for any other purpose):

>Office of the Clerk
>United States District Court
>219 South Dearborn Street
>Chicago IL 60604
>
>Attention:  Fiscal Department

Both that initial payment and all future payments shall clearly identify Smith's name and the 10 C 707 case number assigned to this action.  To implement these requirements, the Clerk shall send a copy of this order to the Kane County Jail trust fund officer.

After such initial payment, the trust fund officer at any correctional facility where Smith is now or may hereafter be confined is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account.  Monthly payments collected from

the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid.

As for the Expanded Complaint itself, both City and its Police Department are dismissed as putative defendants for the reasons already explained in the Order. That leaves Converse as the sole defendant, and although Smith has not done much better the second time around in dealing with the request contained in the Order, his allegations appear on their face to surmount the threshold of nonfrivolousness (see Section 1915A(b)(1)), so as to justify granting Smith's earlier-filed Motion for Appointment of Counsel. This Court has therefore obtained the name of this member of the District Court's trial bar to represent Smith pro bono publico:

> Gregory Michael Smith, Esq.
> Wildman Harrold Allen & Dixon, LLP
> 225 West Wacker Drive
> Chicago IL 60606-1229

That appointed counsel will be expected to make arrangements for the service of process on Officer Converse, and the case is set for an initial status hearing at 9 a.m. April 19, 2010 in accordance with the contemporaneously issued scheduling order.

_____
Milton I. Shadur
Senior United States District Judge

Date: February 26, 2010